UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:13-CR-35-GFVT-HAI-2 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| DARRELL WAYNE MAXIE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On referral from District Judge Van Tatenhove (D.E. 170), the Court considers reported violations of supervised release conditions by Defendant Darrell Wayne Maxie.

Judge Van Tatenhove entered a judgment against Defendant in February 2015 for conspiracy to manufacture 50 or more marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1). D.E. 163. Defendant received a sentence of 35 months of imprisonment followed by a three-year term of supervised release. *Id.* at 2-3. Defendant began his supervised release term in the Southern District of Ohio, and was transferred to this District on August 23, 2017.

On September 15, 2017, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. It alleges that, on September 7, 2017, Defendant submitted a urine specimen that indicated Suboxone (buprenorphine) upon instant testing. Defendant denied using any controlled substances. The specimen was then sent to Alere Toxicology Services, which confirmed the presence of buprenorphine. The Report charges two violations.

First, based on the positive drug screen, the Report charges a violation of Standard Condition #7, which forbids the purchase, possession, or use of any controlled substance, except as prescribed by a physician. This is a Grade C violation.

Based on Defendant's use of bupreorphine, Violation #2 charges a violation of the condition that Defendant not commit another federal, state, or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession and Defendant's previous drug conviction, Violation #2 charges Defendant with conduct that would be a federal crime, that is, simple possession of buprenorphine, a Schedule III controlled substance. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance, and is a Grade B supervised release violation.

## I.

The Court conducted an initial appearance pursuant to Rule 32.1 on September 25, 2017, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 173. At the initial appearance, the United States moved for interim detention; Defendant argued for release. *Id*. Based on the heavy § 3143(a) defense burden, the Court found that Defendant failed to justify release and remanded Defendant to the custody of the United States Marshal. *Id*.

At the final hearing on September 26, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 174. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for each violation described in the Report. *Id*. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States

thus established Violation #1 and Violation #2, the Grade B violation, under the standard of § 3583(e).

The Court has evaluated the entire record, including the Report and accompanying documents, and the sentencing materials from the underlying judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to the lesser-included offense of conspiracy to manufacture 50 or more marijuana plants. *See* 18 U.S.C. §§ 846, 841(a)(1). This is a Class C felony. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007). Under § 7B1.1, Defendant's admitted conduct concerning possession of controlled substances would qualify as a Grade B violation. Given Defendant's Criminal History Category of II (the category at the time of the conviction in this District) and Grade B[1] violation, Defendant's range, under the Revocation Table of Chapter 7, is six to twelve months.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1);

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

*Crace*, 207 F.3d at 836 (equating use with possession); *accord United States v. Metcalfe*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008).

**II.**

At the final hearing, the government recommended a sentence of seven months of incarceration followed by three years of supervised release. The defense recommended four months of incarceration and had "no problem" with three years of supervised release. The parties did not suggest any modifications to Defendant's terms of release.

Counsel for the government stated that he would have recommended a six-month sentence of incarceration, were it not for the fact that Defendant initially denied using any controlled substances. The government noted that Defendant's criminal history was not as bad as many other supervisees, and that there was no strong connection between Defendant's underlying conviction (for growing marijuana plants) and revocation conduct (taking buprenorphine, an opiate). Defendant had no known history of using opiates, and had no history of violence. The government noted that Defendant had been working and had complied with his supervised release terms for six months. The government pointed out that an additional justification for a sentence above the bottom of the Guidelines Range is the fact that Defendant received a below-Guidelines sentence for his underlying conviction.

Defense counsel reported that Defendant had not given her any excuses for his violation; he had accepted responsibility after he was caught. Defense counsel further emphasized that Defendant lacked a significant criminal history and had worked for six months in a tough environment. According to the defense, although the Judgment recommended the residential RDAP program, Defendant completed the non-residential version of the program. According to

defense counsel, a below-Guidelines sentence of four months would provide adequate deterrence against any future violations.

Defendant declined to address the Court.

### III.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range of four to ten months. The undersigned recommends adopting the government's recommendation of seven months of incarceration, followed by three years of supervised release.

The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics. Here, there is no clear connection between the offense of conviction (growing marijuana plants) and the violation conduct (ingesting methamphetamine), aside from the fact that Defendant has persistent problems with drugs. However, both the underlying offense and the revocation conduct involved deception. Otherwise, Defendant's criminal history is better than most drug offenders'. Another important aspect of his history is the fact that he received a downward departure at sentencing, a fact that counsels against a sentence at the bottom of (or below) the Guidelines Range.

The Court recognizes a need to deter criminal conduct and protect the public from the danger inherent in any illicit drug use. Defendant does not appear to pose a strong risk of continued criminal conduct, and the Court does not know why he was taking an opioid. Yet all illegal drug use is surrounded by criminal activity, such as the apparent diversion of a prescription drug that occurred in this case. All illegal drug use by Defendant is new felony conduct, and puts him at risk for continued drug abuse.

Regarding the need for education and treatment, Defendant has already completed the shorter, non-residential version of the RDAP.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b). Any violation is a breach of the Court's trust, and Defendant exacerbated that breach by initially lying to his probation officer.

The need to avoid unwarranted sentencing disparities is addressed by a sentence within the Guidelines Range. This case provides the Court with no solid reason to deviate below the Guidelines Range. When departing from the Guidelines Range, the Court must state the specific reason for doing so and "ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The defense argued that a variance was justified by Defendant's good attitude, his industriousness, and how he refrained from violating for six months. But these are not sufficiently compelling reasons, especially when Defendant was also dishonest with his probation officer and when he already received a downward variance at his original sentencing.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. §§ 841(b)(1)(C) and 3583(h), there is no maximum period of time that Defendant can be placed on supervised release following revocation.

Here, the jointly recommended period of supervised release (reimposition of the original three-year term) makes sense. Three years should be adequate time for the USPO to ensure that Defendant remains on track, provided he can be honest with himself and his probation officer.

## IV.

Based on the foregoing, the Court **RECOMMENDS**:

(1)  That Defendant be found guilty of Violations #1 and #2 in the Report;

(2)  Revocation with a term of incarceration of seven months; and

(3)  A term of supervised release of 36 months under the conditions previously imposed at Docket Entry 163.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of September, 2017.

Signed By:
Hanly A. Ingram
United States Magistrate Judge