UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 6:13-CR-00035-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| DARRELL WAYNE MAXIE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly Ingram. [R. 175.] The Defendant, Darrell Wayne Maxie, was charged with violating his supervised release in a Supervised Release Violation Report ("the Report") dated September 15, 2017. [R. 168-1.]

The Defendant began his initial supervised release term and his case was transferred to the Eastern District of Kentucky on August 23 2017. [*Id.* at 1.] The USPO filed a Violation Report on September 15, 2017, alleging two violations, the first for purchasing, possessing, or using any controlled substance, and the second, for committing another federal, state, or local crime. [*Id*. at 2.] Defendant submitted a urine specimen indicating Suboxone (buprenorphine). Possession of buprenorphine, a Schedule III controlled substance, is a Class E Felony pursuant to 21 U.S.C. § 844(a). At the final hearing on September 26, 2017, Defendant entered a knowing, voluntary, and intelligent stipulation to both violations. [*Id.*]

Upon evaluation of the entire record, including the most recent Supervised Release

Violation Report and accompanying documents and the sentencing materials from the underlying

judgments in this District, Magistrate Judge Ingram issued an R&R recommending revocation

with a term of imprisonment of seven (7) months with a term of supervised release of three (3)

years under the conditions previously imposed to follow. [*Id.* at 7.] The Defendant has waived

his right to allocution. [R. 176-1.]

Generally, this Court must make a *de novo* determination of those portions of a

recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no

objections are made, however, this Court is not required to "review . . . a magistrate's factual or

legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140,

150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred

from appealing a district court's order adopting that report and recommendation. *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and it

agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

1.      The Magistrate's Recommended Disposition [**R. 175**] as to Darrell Wayne Maxie

is **ADOPTED** as and for the Opinion of the Court;

2.      Darrell Wayne Maxie is found to have violated the terms of his Supervised

Release as set forth in the Petition filed by the United States Probation Office and the

Recommended Disposition of the Magistrate Judge;

3.      Mr. Maxie's Supervised Release is **REVOKED**;

4.      Mr. Maxie is hereby sentenced to a period of **seven (7) months**; and

5.      Mr. Maxie's term of imprisonment will be followed by three (3) years of

supervised release under the conditions previously imposed.

This the 18th day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge